[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: RULING ON DEFENDANTS' OBJECTION TO AMENDED COMPLAINT AND MOTION FOR JUDGMENT
The instant matter was commenced by a complaint dated March 9, 1998. CT Page 6119 This initial complaint was thereafter revised on two occasions, January 4, 1999, and July 29, 1999. The second revised complaint consisted of four counts, asserting causes of action for intentional infliction of emotional distress, negligent infliction of emotional distress, breach of contract, breach of fiduciary duty. The defendants through motion dated October 8, 1999, sought to have stricken all four counts of the July 29, 1999, complaint.
The court (Pellegrino, J.) in its March 10, 2000, memorandum of decision granted the defendants' motion to strike as. to all four counts of the revised complaint dated July 29, 1999. Briefly stated, the court ruled that counts 1, 2 and 4 were barred by the relevant statutes of limitations. The court further held that the plaintiff had failed to allege sufficient facts to assert fraudulent concealment necessary to toll the statute of limitations. In connection with count 3 breach of contract the court determined that the revised complaint did not allege a breach of an express contract but rather an implied contract based upon religious beliefs. The court stated in part: "[t]he court could not determine whether there is an implied contract under the neutral principles approach without resorting to an excessive entanglement with the religious doctrines, teachings and internal affairs of the defendant Watchtower organization. As to the third count of the revised complaint the plaintiff has failed to state a claim for breach of contract upon which relief can be granted, and therefore the court will strike that count."
On April 3, 2000, the plaintiff entered a pro se appearance in lieu of prior legal counsel. Also, on that same date an amended complaint was filed, however, an amended complaint is not the appropriate pleading. Rather Connecticut Practice Book § 10-44 provides in relevant part "The party whose pleading has been stricken may file a new pleading . . ." This new pleading is a substitute pleading. Further upon careful examination of the four count April 3, 2000, amended complaint, it is evident that the allegations contained therein do not overcome the deficiencies noted by the court in the March 10, 2000, ruling on defendants' motion to strike.
Accordingly the court sustains the defendants' objection to the April 3, 2000, amended complaint. The plaintiff is permitted fifteen days from notice of this ruling to file a substitute pleading. The court will reserve decision on motion for judgment until the expiration of this period of time.
PETER EMMETT WIESE, J.